## BEATRICE STREET
### vs.
## CHARLES D. LOCKWOOD

Superior Court          Fairfield County          File #50389

Present:   Hon. JOHN A. CORNELL, Judge.

Nathan B. Silberman,          Attorney for the Plaintiff.

Edward C. Carroll;
Cummings & Lockwood,          Attorneys for the Defendant.

## MEMORANDUM FILED MAY 10, 1937.

CORNELL, J. The claim most pressed in support of the motion is that there was no evidence from which the jury could reasonably have found that the alleged dangerous condition had existed such a length of time before plaintiff sustained her injuries as to have provided reasonable notice to defendant of its existence and, thereafter, a reasonable opportunity to remedy it or to have taken precaution to warn the defendant's invitees of any danger arising from its presence.

Insofar as actual knowledge of the particular condition which existed at the time of the accident is concerned, this may be granted. There was, however, evidence from which the jury might reasonably have found that there was a recurring condition comparable to that which was present at the time plaintiff was injured which was present on occasions when certain atmospheric and heat conditions occurred, as well, also, as one which was produced by rains. If the jury believed this testimony, as they well might, there was other evidence from which they might have concluded that this state of affairs was so long existent that the defendant through his servants and agents was well apprised of it and the likelihood that such conditions would be present under the conditions which existed the day or evening before and on the morning of the accident. From this they might reasonably have determined that the defendant's servants and agents in the exercise of a supervision indicative of the care commensurate with the danger involved would have learned of the condition of the floor a sufficient length of time before plaintiff fell on the day when she sustained her injuries to have remedied the condition or to, at least, have warned persons lawfully using the passageway of the dangers involved in so doing.

If the jury reached such conclusions as they evidently did, then the fact of negligence could logically have been arrived at in view, particularly, of the testimony of the person immediately in attendance to the effect that he did not arrive at the floor where plaintiff was hurt until after the accident had occurred and evidence on the part of plaintiff that she was not injured until about 9:55 A. M. None of the factors which would justify reducing the amount of the verdict are evident.

Motion denied.